UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MIKE JOSIE,                                         Case No. 24 CV 2476
                Plaintiff,

      -against-                                **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE BRIAN            JURY DEMAND
M. DOYLE [TAX REG. #954752], P.O. JAMES M.
KELLY [TAX REG. #964084], DETECTIVE
ANTHONY J. BRUCATO [TAX REG. #960287],
and JOHN DOE AND JANE DOE #1-16 (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),
                Defendants.
----------------------------------------------------------------------X

Plaintiff, MIKE JOSIE, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Brian M. Doyle [Tax Reg. #954752], P.O. James M. Kelly [Tax Reg. #964084], Detective Anthony J. Brucato [Tax Reg. #960287], and John Doe and Jane Doe #1-16 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

<u>THE PARTIES</u>

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant Detective Brian M. Doyle [Tax Reg. #954752] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant P.O. James M. Kelly [Tax Reg. #964084] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant Detective Anthony J. Brucato [Tax Reg. #960287] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendants John Doe and Jane Doe #1-16 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11.     Defendants Doyle and John Doe and Jane Doe #1-16 are collectively referred to herein as "Doyle defendants".

12.     Defendants Kelly and John Doe and Jane Doe #1-16 are collectively referred to herein as "Kelly defendants".

13.     Defendants Brucato and John Doe and Jane Doe #1-16 are collectively referred to herein as "Brucato defendants".

14.     Doyle defendants, Kelly defendants, and Brucato defendants are collectively referred to herein as "defendant officers"

15.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The April 27, 2021, Incident

16.     On or about April 27, 2021, at approximately 6:00 a.m., Doyle defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes.

17.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18.     Initially, Doyle defendants forced their way into the plaintiff's home without any warrant or authority damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

19.     Upon entry, Doyle defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

20.     Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

21.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

22.     Plaintiff pleaded with Doyle defendants to remove or loosen the handcuffs.

23.     Doyle defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

24.     Doyle defendants subjected the plaintiff to an illegal search.

25.     Doyle defendants' illegal search of the plaintiff did not yield any contraband.

26.     Notwithstanding, Doyle defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

27.     While at the precinct, Doyle defendants subjected the plaintiff to an illegal and unlawful search.

28.     Doyle defendants' illegal search of the plaintiff did not yield any contraband.

29.     Doyle defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

30.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

31.     At some point following his arrest, Doyle defendants met with prosecutors employed by the Kings County District Attorney's Office.

32.     During this meeting, Doyle defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

33.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

34.     On or about April 28, 2021, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. PL 160.15(4) 'Robbery in the first degree', N.Y. PL 160.10(1) 'Robbery in the second degree', N.Y. PL 160.05 'Robbery in the third degree', N.Y. PL 155.30(5) 'Grand larceny in the fourth degree', N.Y. PL 165.45(1) 'Criminal possession of stolen property in the fourth degree', N.Y. PL 120.14(1) 'Menacing in the second degree', N.Y. PL 145.00(4) 'Criminal mischief in the fourth degree', N.Y. PL 155.25 'Petit larceny', N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.

35.     Bail was set to secure the plaintiff's release.

36.     Because the plaintiff could not make bail, plaintiff was transported to a holding facility and was incarcerated at said facility.

37.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

38.　　　　On or about December 1, 2021, the false charges levied against plaintiff were summarily dismissed.

The April 28, 2021, Incident

39.　　　　On or about April 28, 2021, at approximately 10:00 a.m., Kelly defendants, acting in concert, arrested plaintiff without cause and charged plaintiff with various crimes.

40.　　　　Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

41.　　　　Upon information and belief, Kelly defendants rearrested plaintiff while he was already detained at NYPD-79 Precinct.

42.　　　　Plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

43.　　　　Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

44.　　　　Plaintiff pleaded with Kelly defendants to remove or loosen the handcuffs.

45.　　　　Kelly defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

46.　　　　Kelly defendants subjected the plaintiff to an illegal search.

47.　　　　Kelly defendants' illegal search of the plaintiff did not yield any contraband.

48.　　　　Notwithstanding, Kelly defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct.

49.　　　　While at the precinct, Kelly defendants subjected the plaintiff to an illegal and unlawful search.

50.　　　　Kelly defendants' illegal search of the plaintiff did not yield any contraband.

51.　　　　Kelly defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

52.　　　　After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

53.     At some point following his arrest, Kelly defendants met with prosecutors employed by the Kings County District Attorney's Office.

54.     During this meeting, Kelly defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

55.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

56.     On or about April 28, 2021, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. PL 120.14(1) 'Menacing in the second degree', N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.

57.     Bail was set to secure the plaintiff's release.

58.     Because plaintiff could not immediately make bail, plaintiff was transported to a holding facility and was incarcerated at said facility.

59.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

60.     On or about June 22, 2021, the false charges levied against plaintiff were summarily dismissed.

The June 30, 2021, Incident

61.     On or about June 30, 2021, at approximately 6:00 a.m., Brucato defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes.

62.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

63.    Initially, Brucato defendants forced their way into the plaintiff's home without any warrant or authority damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

64.    Upon entry, Brucato defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

65.    Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

66.    Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

67.    Plaintiff pleaded with Brucato defendants to remove or loosen the handcuffs.

68.    Brucato defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

69.    Brucato defendants subjected the plaintiff to an illegal search.

70.    Brucato defendants' illegal search of the plaintiff did not yield any contraband.

71.    Notwithstanding, Brucato defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-75th Precinct.

72.    While at the precinct, Brucato defendants subjected the plaintiff to an illegal and unlawful search.

73.    Brucato defendants' illegal search of the plaintiff did not yield any contraband.

74.    Brucato defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

75.    After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

76.    At some point following his arrest, Brucato defendants met with prosecutors employed by the Kings County District Attorney's Office.

77.    During this meeting, Brucato defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

78.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

79.     On or about July 1, 2021, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. PL 160.10(1) 'Robbery in the second degree', N.Y. PL 110/160.10(1) 'Attempted robbery in the second degree', N.Y. PL 160.05 'Robbery in the third degree', N.Y. PL 110/160.05 'Attempted robbery in the third degree', N.Y. PL 155.30(4) 'Grand larceny in the fourth degree' (2 counts), N.Y. PL 155.30(5) 'Grand larceny in the fourth degree', N.Y. PL 165.45(2) 'Criminal possession of stolen property in the fourth degree' (2 counts), N.Y. PL 155.25 'Petit larceny', N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.

80.     Plaintiff was eventually released under supervision.

81.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

82.     On or about December 17, 2021, the false charges levied against plaintiff were summarily dismissed.

83.     Upon information and belief, defendant officers conducted surveillance of the plaintiff's aforesaid home on numerous occasions including, but not limited to, several dates prior to April 27, 2021, and on April 27, 2021 and June 30, 2021.

84.     In addition to the aforesaid surveillance, defendant officers harassed, bullied, abused, and intimidated the plaintiff and his family members by, among other things, repeatedly banging on their windows and entrance door and maintaining a heavy police presence in and around the plaintiff's home, forced their way into the plaintiff's home without any warrant or authority on numerous occasions, and searched the plaintiff's home on numerous occasions without any warrant or authority including, but not limited to, on April 27, 2021 and June 30, 2021.

85.     Upon information and belief, plaintiff's release from incarceration was delayed on many occasions after he had already made bail including, but not limited to, on or about April 29, 2021.

86.     Because of the conduct of defendant officers, plaintiff and his family were caused to suffer serious injuries.

87.     Each and every officer who responded to and/or was present at the location of the arrest(s), unlawful entry, searches and seizures, and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

88.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

89.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

90.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.     The conduct of defendant officers, as described herein, amounted to false arrest.

92.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

93.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant
officers

94.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.     Defendant officers denied plaintiff her due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

96.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

97.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

98.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against
defendant officers

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    Defendant officers subjected plaintiff to unreasonable search & seizure.

101.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

102.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

103.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.     The conduct of defendant officers, as described herein, amounted to unlawful entry.

105.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

106.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

107.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     Defendant officers forwarded to the prosecutors their falsified records and statements.

109.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

110.     Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

111.     Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by defendants.

112.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

113.     Eventually, the criminal proceedings terminated in plaintiff's favor.

114.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

115.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

116.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

117.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118.     Defendant officers routinely engage in racial profiling and were motivated in arresting, harassing, and assaulting the plaintiff simply because he is black.

119.     Defendant officers do not unlawfully enter into the homes or arrest, assault, or profile similarly situated white people at their homes.

120.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

121.     Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

122.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 121 of this complaint as though fully set forth herein.

123.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

124.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

125.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

126.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 125 of this complaint as though fully set forth herein.

127.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

128.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

129.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

130.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH          CAUSE          OF          ACTION:          FAILURE          TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

131.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132.     Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of making warrantless and nonconsensual entry into the home of individuals suspected of crimes to search and make arrests, and has failed to properly train, supervise or discipline its police officers concerning obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons, and obligation to effect an arrest only when probable cause exists for such arrest.

133.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on

the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

134.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

135.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

136.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

137.     Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that police office officers routinely make nonconsensual entry into suspects' homes to make warrantless searches and seizures. *See, e.g., Charlene Lambton v. City of New York* (Case No. 24 CV 1986); *Sadie Abrams v. City of New York* (Case No. 23 CV 9520); *Robert Burroughs v. City of New York* (Case No. 22 CV 4463); *Telisha Blakney v. City of New York* (Case No. 22 CV 4303); *Mike Joise v. City of New York* (Case No. 21 CV 2486).

138.     Defendant City has settled numerous lawsuits in this district against several police officers alleging, among other things, that the police officers made nonconsensual entry into suspects' homes to make warrantless searches and seizures.

139.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

140.     As a result of defendant City's policy of relying upon investigation cards to enter into suspects' homes to search and make arrests and its failure to properly train, supervise or discipline its police officers, defendant officers unreasonably seized and/or arrested the plaintiff, illegally searched his home, and abused and/or assaulted the plaintiff.

141.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

142.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force, and the right to due process.

143.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 11, & 12 - against defendants

144.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process),

Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

146. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

147. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

148. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

149. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 148 of this complaint as though fully set forth herein.

150. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

151. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

152.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 151 of this complaint as though fully set forth herein.

153.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

154.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

155.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 154 of this complaint as though fully set forth herein.

156.    By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

157.    The conduct of the defendants, as described herein, amounted to assault and battery.

158.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

159.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 158 of this complaint as though fully set forth herein.

160.    Defendants unlawfully entered into plaintiff's premises without any warrant, permission or consent.

161.    Defendants performed a warrantless search of the premises, and subjected plaintiff to an unreasonable search and seizure.

162.    The conduct of defendants, as described herein, amounted to trespass.

163.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

164.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 163 of this complaint as though fully set forth herein.

165.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

166.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

167.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

168.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 167 of this complaint as though fully set forth herein.

169.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

170.     Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

171.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF
EMPLOYMENT SERVICES - against defendant City

172.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 171 of this complaint as though fully set forth herein.

173.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

174.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

175.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

176.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

177.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

178.     Upon information and belief, defendant City's negligence in screening, hiring, and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        April 2, 2024

                        UGO UZOH, P.C.


                        *Ugochukwu Uzoh*
        By:     Ugochukwu Uzoh
                Attorney for the Plaintiff
                56 Willoughby Street, Third Floor
                Brooklyn, New York 11201
                Tel. No: (718) 874-6045
                Fax No: (718) 576-2685
                Email: u.ugochukwu@yahoo.com